# Girton Manufacturing Co. Inc. v. Pennsylvania Manufacturers' Association Insurance Co.

*Elwood R. Harding,* for plaintiff.
*Shawn P. Kenny,* for defendant.

MYERS, *P.J.,* October 12, 1989—On July 13, 1988 plaintiff initiated the instant action by filing a complaint, alleging three separate counts, seeking damages from defendant insurance carrier sustained as the result of a fire loss to plaintiff's premises which occurred on September 29, 1987.

On September 1, 1988, defendant filed an answer, new matter and counterclaim to plaintiff's complaint. Plaintiff then filed a reply to new matter and counterclaim on September 9, 1988.

On March 10, 1989, defendant filed a motion for judgment on the pleadings alleging the following grounds:

(1) That count 2 of plaintiff's complaint fails to state a claim upon which relief can be granted because Pennsylvania law does not authorize a cause of action for punitive damages based on the alleged bad-faith conduct of the insurance company;

(2) That count 3 failed to state a claim upon which relief can be granted because plaintiff does not have standing to assert such a claim, and that this court lacks subject-matter jurisdiction to hear alleged violations of the Unfair Insurance Practices Act;

(3) That count 3 also failed to state a claim upon which relief can be granted because the Consumer Protection Law limits recovery to persons who purchase goods or services primarily for personal, family or household purposes.

On May 17, 1989, plaintiff filed a motion for leave to amend the complaint under Pa.R.C.P. 1033. A prehearing conference on the motion was held by the court on July 19, 1989. At the conference the parties agreed to grant plaintiff leave to file an amended complaint. Plaintiff's amended complaint contained only two significant changes from the original complaint as follows: (1) The amended complaint included no claim for punitive damages in count 2; and (2) plaintiff changed its cause of action in count 3 from one based upon an alleged violation of the Unfair Insurance Practices Act to one alleging a direct violation of the CPL by defendant.*

Defendant now argues that the CPL, specifically 73 P.S. §201.9.2(a), limits recovery to consumers who purchase goods or services primarily for per-

_____
* The legal effect of plaintiff's amended complaint is to render averments 1 and 2 of defendant's motion for judgment on the pleadings as moot.

sonal, family or household use. Defendant contends that plaintiff corporation was clearly not a consumer who purchased the insurance for personal, family or household use and therefore should be precluded from recovering under the CPL. We agree.

In *Waldo v. North American Van Lines,* 669 F. Supp. 722 (W.D. Pa. 1987), the District Court held that the obvious intent of the language in the statute is to restrict claims brought under the CPL to those which are consumer oriented. The *Waldo* court refused to find a small-business man to be a consumer under the CPL for the reason that his purchase of the goods or services was solely business oriented. In the same vein we do not construe Girton Manufacturing Company Inc., to be a consumer.

Plaintiff acknowledges that it purchased the insurance for its manufacturing business. (Amended complaint at 4). There is no allegation or showing that the insurance in question was purchased for personal, family or household use. Plaintiff's sole and obvious motivation for the purchase of the insurance was business related and not intended for personal, family or household use. Therefore, plaintiff is not a consumer under the meaning of the CPL. (See 73 P.S. §201-9.2(a).) Accordingly, count 3 of plaintiff's complaint must be dismissed.

## ORDER OF COURT

And now, October 24, 1989, it is hereby ordered that defendant's motion for judgment on the pleadings as to count 3 of plaintiff's amended complaint be granted.